**In re SEALED CASE.**

**Division No. Misc. 3.**

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended).

Nov. 21, 1989.

Before MacKINNON, Presiding, and BUTZNER and PELL, Senior Circuit Judges.

PER CURIAM:

A government official covered by the Ethics in Government Act was the subject of an Independent Counsel investigation following which "no indictment [was] brought." The subject of the investigation (hereafter "applicant") now applies to the court, pursuant to the Independent Counsel Reauthorization Act of 1987, 28 U.S.C. § 591 *et seq.* (hereafter the "Act"), for an award of $69,316.24 in attorneys' fees and costs incurred during the investigation. The court approves an award of $58,005.25.

### 1. The "But For" Requirement.

All requests for attorneys' fees under the Act must satisfy the "but for" requirement of 28 U.S.C. § 593(f) which provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred *but for* the requirements of this chapter.

28 U.S.C. § 593(f)(1), 101 Stat. 1299 (emphasis added).

The decisional standards that an applicant for an award of attorneys' fees must comply with are set forth in our opinions in *In re Donovan*, 877 F.2d 982 (D.C.Cir.1989) and *In re Olson*, 884 F.2d 1415 (D.C.Cir. 1989) and need not generally be repeated here. The statute restricts the court to authorizing the payment of reasonable attorneys' fees in situations where the "fees ... would not have been incurred in the absence of the special prosecutor [independent counsel] law." S.Rep. No. 97–496, 97th Cong., 2d Sess. 18 (1982), U.S.Code & Admin.News 1982, pp. 3537, 3554. The basic objective of such restriction is to provide that those officials who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by

the United States Attorney, or, as here, possibly by the Internal Revenue Service. If the investigated official, because of the provisions of the Act, is subjected "to a more rigorous application of the criminal law than is applied to other citizens," (*id.*, at 19), U.S.Code & Admin.News 1982, p. 3555, the statute authorizes an award of his reasonable attorneys' fees to the extent that the attorneys' services were attributable to "the more rigorous application of the criminal law." *Id.* Applicant's present request must be evaluated against this standard.

(a) *Restrictions on Preliminary Investigation.*

■ For reasons hereinafter stated we find that the "but for" requirement is satisfied; first, because the statutory restrictions on his preliminary investigation prevented the Attorney General from obtaining the necessary facts to enable him to make a proper prosecutorial decision in the matter and hence required him to request further investigation by an independent counsel.

In his application to the court for the appointment of an independent counsel, the Attorney General cited "the Department's inability to use compulsory process during a preliminary investigation ..." as one of his reasons for requesting the court to appoint an independent counsel and define his jurisdiction. *Application of Attorney General*, at 3 (Dec. 15, 1986). The restrictive provisions of the Act he referred to provide:

> In conducting preliminary investigations under this chapter, the Attorney General shall have no authority to convene grand juries, plea bargain, grant immunity, or issue subpoenas.

28 U.S.C. § 592(a)(2)(A), 101 Stat. 1295.

These restrictions on the Attorney General's investigative authority during his preliminary investigation are particularly limiting. Not that the mere existence of these statutory restrictions satisfies the "but for" requirement in every case. But where, as here, the Attorney General in his application represents that the statutory restrictions have interfered with his ability to conduct an adequate preliminary investigation, and the circumstances of the alleged offense indicate that, if the Attorney General were not so limited, applicant might have been subjected to a lesser investigation, or perhaps exonerated at this early stage, the statutory limitations are factors that the court may rely upon in determining that the "but for" factor is satisfied.

In this case, relying partially upon the Attorney General's reference to the limitations placed upon him by the Act, and additionally upon the alleged offenses investigated by the Independent Counsel pursuant to his defined jurisdiction, we conclude that the subsequent investigation subjected applicant to a "more rigorous application of the criminal law than is applied to other litigants" under suspicion for committing the same offenses.

(b) *The Actual Investigation.*

The actual investigation came about in the following manner. The application by the Attorney General to the court pursuant to 28 U.S.C. § 592(c)(1) recommended

> that the Independent Counsel be [appointed and] granted jurisdiction to investigate whether [applicant] violated 26 U.S.C. § 7203 or any other provision of federal criminal tax law in connection with his filing of, or failure to file, his U.S. Individual Income Tax Returns for 1981, 1982, and/or 1984....

*Application of Attorney General*, at 4 (Dec. 15, 1986). The court specifically defined the jurisdiction of the Independent Counsel to conform to the request of the Attorney General. The jurisdiction to investigate for violations of 26 U.S.C. § 7203 and additionally for *"any other provision of federal criminal tax law ... in connection with his filing of, or failure to file, his U.S. Individual Income Tax Returns for 1981, 1982, and/or 1984,"* as requested by the Attorney General, expanded the investigative jurisdiction of Independent Counsel into other related tax offenses beyond 26 U.S.C. § 7203 offenses and neces-

sarily authorized a wider investigation than one limited to § 7203.

In response to this defined jurisdiction, the Independent Counsel conducted a thorough investigation and actually examined applicant's tax returns, and his financial dealings, for nine years from 1976 to 1984. In our opinion the ordinary examination of a taxpayer for a § 7203 violation would have been substantially less probing. The result subjected applicant to a more rigorous application of the criminal law than is applied to other citizens in similar circumstances. Therefore, we find the "but for" requirement of the statute to be satisfied and applicant is accordingly entitled to be awarded his reasonable attorneys' fees incurred during the Independent Counsel's investigation. However, for reasons set forth below the amount of the requested award must be subjected to certain deductions.

### 2. Reasonable Attorneys' Fees.

#### (a) Fees Incurred During Preliminary Investigation.

■ Applicant has requested, *inter alia,* compensation for his attorneys' fees incurred during the *preliminary investigation* conducted by the Attorney General. The Act, however, only authorizes the government to pay "reasonable attorneys' fees incurred ... during [the] *investigation [conducted by an independent counsel]....*" 28 U.S.C. § 593(f)(1). As we have held, this statutory requirement must be strictly construed. *In re Donovan,* 877 F.2d 982, 994 (D.C.Cir.1989); *In re Olson,* 884 F.2d 1415, 1428 (D.C.Cir.1989); *In re Jordan,* 745 F.2d 1574, 1576 (D.C.Cir.1984). *In re Olson* held, that the statute did not empower the court to authorize an award of any attorneys' fees incurred during the Attorney General's preliminary investigation. 884 F.2d at 1419. Accordingly, applying the statute and our decisional law, applicant is not entitled to an award for his attorneys' fees incurred from "9/20 ... [to] ... 12/9 ..." during the Attorney General's preliminary investigation. Independent Counsel was not appointed until De-

cember 16th. This necessitates a deduction of $5,850 [1] from the $23,906.35 requested to eliminate the charge for attorney's fees incurred during the preliminary investigation.

#### (b) Fees for Accountant/Attorneys.

Applicant also requests payment of $45,-409.89 for work performed by "accountant/attorneys" employed by applicant's attorney. The Act provides that the court may "award reimbursement for ... reasonable *attorneys' fees.*" 28 U.S.C. § 593(f)(1) (emphasis added). Recently, the Supreme Court, in *Missouri v. Jenkins,* —— U.S. ——, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) addressed the meaning of "reasonable attorney's fee" under the Civil Rights Attorney's Fees Awards Act. In holding, *inter alia,* that "reasonable attorney's fee" included work performed by "paralegals and law clerks," the Court stated:

> Clearly, a reasonable attorney's fee cannot have been meant to compensate only work performed personally by members of the bar. Rather, the term must refer to a reasonable fee for the work product of an attorney. Thus, the fee must take into account the work not only of attorneys, but also of secretaries, messengers, librarians, janitors, and *others whose labor contributes to the work product for which an attorney bills her client;* and it must also take account of other expenses and profits.

*Id.* at 2470 (emphasis added). While *Jenkins* was a state case and did not require a strict construction, as here, *see supra* at 5, we consider the decision applicable to the Act.

■ In light of this interpretation of "reasonable attorneys' fees," we conclude that the fees requested by the accountant/attorney and his firm constitutes "reasonable attorneys' fees" within the definition of § 593(f)(1). In reaching this conclusion we note that this is a tax case and in complicated tax cases, attorneys frequently find it necessary to make considerable use of accountants. Moreover, in this case the

---

**1.** This deduction is based on 39 hours of attorney's time billed at $150 per hour.

principal "accountant/attorney" was also a licensed lawyer who, with members of his accounting firm, acted as consultants on tax matters. Another employee on the staff of the accountant/attorneys was also admitted to the bar.

We also find it significant that: (1) the applicant's attorney, in applicant's name, employed the accounting firm for which the accountants and attorneys worked, (2) applicant was billed through his attorney, and (3) the services were rendered to the attorney and could be said to be, in effect, part of his costs.

Essentially, this case had two features: First, it was a potential criminal case. Second, it was a tax case. It was thus necessary that the subject of the criminal tax investigation be advised on both the criminal and tax features of the case. In such circumstances we see no objection to employing both an attorney and an accountant/attorney who *together* are able to furnish the necessary effective assistance to their client because they are sufficiently knowledgeable in *both* the criminal and the tax features of the case. There are not too many lawyers with adequate criminal law *and* tax law qualifications, as the Special Division found when it was seeking an independent counsel to appoint in this case. It is also significant that the Independent Counsel found it necessary to make considerable use of an accountant.

Therefore, while the employment of two lead attorneys is ordinarily subject to some objection, we do not object to an attorney in a potential criminal tax case employing an accountant/attorney and his accounting firm to assist him.

### (c) *Documentation and Specification by Attorney.*

█ In reviewing the specific bills for fees and costs as presented to applicant, which he in turn presents to this court, we note numerous instances of documentation and specification that do not adequately describe the legal work for which the client is being billed. This makes it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given legal task. For example, there are numerous instances in the attorneys' billings where the subject matter of a telephone call is not specified; there is no specification whatsoever except "Telephone Call[s]" for $1,920, *i.e.*, 12.8 hours, at $150 an hour for 23 calls. This averages approximately 30 minutes for each call. This item could be denied in its entirety, but we recognize that some telephone calls must have been necessary. We thus deny $920.00 for insufficient specification.

### (d) *Accountant/Attorneys' Billings.*

█ With specific reference to the billings of the accountants/attorneys, we note that this firm's total bill of $45,409.89 included the lead accountant/attorney billing at the top rate of $135 per hour. The *original* bills cryptically stated a number of tasks performed during a given day and in conclusion "TOTAL FEES" were tabulated for each month without any specification of the hourly rates applied, or the amount of time expended on specific items of work. These fatal deficiencies were corrected to some extent in Applicant's Responses to the Attorney General's Evaluation. At that time billing rates were added as well as the *totals* for each person in the firm for whom there were billings. But the material submitted by the accountant/attorney has been disjointed, and is devoid of any specification of the names of the individuals who performed particular described tasks, or the specific amounts of time devoted to such tasks. The substantiation submitted for these billings is thus borderline.

Still, we recognize that the firm did the necessary work to marshal the facts as required by the Independent Counsel. And, especially when we compare these bills for attorneys' fees with those submitted in other independent counsel cases, we find that the requested award, minus some unsubstantiated deductions, is reasonable. The basic rates and the total amount of time are very reasonable.

We are required, however, to make some deduction for items that are not sufficiently specific as to the work performed. *In re Donovan*, 877 F.2d 982, 994–95 (D.C.Cir. 1989). To comply with the congressional admonition, because of (1) many inadequate descriptions of the nature of services rendered, the insufficient specification of (2) time devoted to particular tasks, and (3) the names of the particular individuals who rendered the services for which payment is requested, we deduct ten percent ($4,540.99) from the bill of the accountants/attorneys.

### CONCLUSION

It is Ordered, by the Court, that applicant is awarded compensation in the total amount of $58,005.25 in accordance with 28 U.S.C. § 593(f)(1). That amount represents $17,136.35 in attorneys' fees and expenses for the services of applicant's attorney and $40,868.90 for the services of applicant's accountant/attorneys.

Judgment accordingly.