**In re Oliver L. NORTH, et al. (Teicher Fee Application).**

**Division No. 86–6E.**

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended).

Dec. 21, 1993.

Before: SENTELLE, Presiding, BUTZNER and SNEED, Senior Circuit Judges.

ORDER

This cause coming to be heard and being heard upon the application of Howard Teicher for reimbursement of attorneys' fees pursuant to § 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1988) and it appearing to the Court for the reasons more fully set forth in the opinion filed contemporaneously herewith that the motion is not adequately supported, it is hereby

ORDERED, ADJUDGED and DECREED that Howard Teicher show cause on or before the Fourth day of January, 1994, why the same should not be denied.

Opinion for the Special Court filed PER CURIAM.

PER CURIAM.

Howard Teicher has petitioned the Court for an award of counsel fees pursuant to section 593(f) of the Ethics in Government Act, 28 U.S.C. § 591 *et seq.* ("the Act"). As we have in the past, we obtained the benefit of the Department of Justice's advice in ruling on the request. The Department of Justice rightly points to several deficiencies in Teicher's application. Although Teicher filed a response, he has not adequately filled the gaps in his application.

The Act is quite specific as to the requirements for reimbursement and provides relief only to "an individual who is the subject of an investigation conducted by an independent counsel pursuant to" the Act where "no indictment is brought against such individual pursuant to that investigation ... for ...

reasonable attorneys' fees incurred ... during that investigation which would not have been incurred but for the requirements of" the Act. 28 U.S.C. § 593(f)(1).

As we have recently noted, the applicant must first demonstrate that he is a "subject" of an independent counsel's investigation. *In re North (Dutton Fee Application)*, 11 F.3d 1075 (D.C.Cir.1993). There is no statutory definition of "subject," and at the time that Teicher filed his application, we had not yet judicially defined the term for purposes of the Act. Since that time, we have established that a "subject" for purposes of the Act "is one who, at the time of incurring the fees involved in the application, knew that his conduct was within" the scope of the investigation "in such a fashion that 'the independent counsel might reasonably be expected to point the finger of accusation' at him." *In re North (Shultz Fee Application)*, 8 F.3d 847 (D.C.Cir.1993) (quoting *Dutton*, 11 F.3d at 1078). We noted that the term "subject" is the approximate equivalent of "potential defendant." *Id.* We also made it plain in *Dutton* that it is not sufficient to show that one's conduct is within the scope of the investigation only in the sense that would be true of "any fact witness." *Dutton*, 11 F.3d at 1077.

■ To date, Teicher has not established to the satisfaction of the Court that he falls within the category of "subject" as opposed to mere witness. In fairness, Teicher did not have the benefit of the *Dutton* and *Shultz* formulations at the time of his filing. Because as Teicher notes, the Report of the Independent Counsel includes allegations of conduct by him near the center of the Iran side of the events occasioning the Iran/Contra investigation, it may be that Teicher in fact occupied the role of subject rather than mere witness for some period of time. There is, however, no showing that he was objectively likely to have become a defendant at any time in the latter part of the investigation. As the burden of establishing entitlement to counsel fees is his, *Shultz*, 8 F.3d at 851, we could, of course, deny the application outright at this time. However, because of the intervention of the *Dutton* and *Shultz* formulations, by show cause order of even day herewith, we provide him with a chance to make the showing. We note that this showing is to be an objective one, speaking as of the time of the occurrence of the fees, with neither the benefit nor detriment of hindsight. *See Dutton*, 11 F.3d at 1078.

The application has two other shortcomings that would probably be sufficient to deny the application, given that the burden of establishing entitlement is on the applicant. *Shultz*, 8 F.3d at 851. However, as we are providing additional time for the showing of subject status, we will permit Teicher one more attempt at meeting the other requirements as well. The first of these is the "but for" requirement of the Act, which mandates that the applicant show that the fees for which reimbursement is sought "would not have been incurred but for the requirements of [the Act]." 28 U.S.C. § 593(f)(1). This requirement "is to ensure that 'officials [and here derivative 'subjects'] who are investigated by the independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by' executive federal components such as the United States Attorney." *Dutton*, 11 F.3d at 1079 (quoting *In re Sealed Case*, 890 F.2d 451, 452 (D.C.Cir.1989)). As portions of the fees in Teicher's underlying documentation were incurred for tasks outside the investigation, for example, congressional investigations, and perhaps outside the temporal duration of the investigation, he has not carried his burden as to causative elements. If he expects to make any recovery, he must do so.

■ Similarly, the statute requires that the application show that the fees are "reasonable." 28 U.S.C. § 593(f)(2)(C). We have discussed this requirement recently in *Shultz* and *Dutton* and refer Teicher to those opinions for guidance in attempting to meet this element, as he has not yet done so.

For the reasons set forth above, we direct that Teicher show cause why his application should not be denied.