**In re Eli J. SEGAL.**

**(Sagawa Fee Application)**

**Division No. 96–1.**

United States Court of Appeals,
District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended)

Aug. 11, 1998.

Before: SENTELLE, Presiding Judge, BUTZNER and FAY, Senior Circuit Judges.

## ORDER

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Shirley Sagawa for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the motion is well taken, it is hereby

**ORDERED, ADJUDGED,** and **DE-CREED** that the United States reimburse Shirley Sagawa for attorneys' fees and expenses she incurred during the investigation by Independent Counsel Curtis Emery von Kann in the amount of $7,863.95 this 11th day of August, 1998.

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Division filed PER CURIAM.

Shirley Sagawa ("Sagawa") petitions this court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994) ("Act"), for reimbursement of attorneys' fees she incurred during and as a result of the investigation conducted by Independent Counsel ("IC") Curtis Emery von Kann. Sagawa seeks reimbursement in the amount of $8,013.95. After considering Sagawa's petition we find that her request is for the most part very reasonable and that she is entitled to an award of attorneys' fees and expenses totaling $7,863.95.

## Background

The facts of the investigation conducted by IC von Kann are set forth in detail in *In re Segal (Segal Fee Application)*, 145 F.3d 1348 (D.C.Cir., Spec.Div., 1998) (per curiam). For our purposes here, we briefly note that the Corporation for National and Community Service ("Corporation") was established in October 1993, with Eli J. Segal ("Segal") selected as Chief Executive Officer and Sagawa selected as Executive Vice President. In November of 1994 high-level Corporation officials, including Segal and Sagawa, formed the Partnership for National Service ("Partnership") in order to support the operations of the Corporation and to accept private donations to help support the Corporation's goals. Segal served as Chairperson of the Partnership, Sagawa served as President, and both served as Directors.

Subsequently, concerns arose that Segal and other Corporation officials, including Sagawa, may have violated federal conflict of interest laws in connection with their creation and operation of the Partnership. Pursuant to sections 591 and 592 of the Act, the Attorney General conducted a preliminary investigation into the matter and upon its completion applied to this court for the appointment of an independent counsel. On November 27, 1996, we appointed Curtis Emery von Kann to serve as independent counsel for the investigation. During the investigation, IC von Kann's office reviewed numerous documents and interviewed various witnesses. After reviewing all the evidence, IC von Kann concluded that no basis existed for any criminal prosecution.

After the Independent Counsel's investigation, Sagawa, pursuant to section 593(f)(1) of the Act, petitioned this court for reimbursement of her attorneys' fees. As directed by section 593(f)(2) of the Act, we forwarded copies of Sagawa's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

## Analysis

■ The Act provides that:

Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, to obtain an attorneys' fees award under the Act a petitioner must show that the following requirements are met:

1) the petitioner is a "subject" of the investigation;

2) the fees were incurred "during" the investigation;

3) the fees would not have been incurred "but for" the requirements of the Act; and

4) the fees are "reasonable."

*See In re North (Dutton Fee Application),* 11 F.3d 1075, 1077–82 (D.C.Cir., Spec.Div., 1993) (per curiam). We will address each of these requirements in turn.

### A. "Subject" Status

■ We have previously defined the term "subject" as a person whose conduct is within the scope of the independent counsel's investigation such that "the Independent Counsel might reasonably be expected to point the finger of accusation" at her. *Dutton,* 11 F.3d at 1078; *see also In re North (Shultz Fee Application),* 8 F.3d 847, 850 (D.C.Cir., Spec. Div., 1993) (per curiam). Sagawa was involved in the establishment and running of the Partnership while employed by the Corporation, and as such her conduct fell within the scope of the IC's investigation.

Additionally, in *Shultz* we held that, under any definition of the term, the criterion for "subject" status is squarely met when the independent counsel tells a person that she is in fact a subject. 8 F.3d at 850; *see also In re North (Haskell Fee Application),* 74 F.3d 277, 280 (D.C.Cir., Spec.Div., 1996) (per curiam) ("the fact that the IC's office told

Haskell that he was a subject makes it clear that he meets the subject requirement"). Sagawa states that she was expressly informed by the IC's office that she was a subject of the investigation; the IC does not contest this assertion, noting that he communicated Sagawa's subject status to Sagawa's attorneys. There is no indication that this status changed prior to the termination of the investigation.

### B. Fees Incurred "During" the Investigation

■ This court has identified the maximum period for which fees can be sought as spanning from the time an IC begins an investigation of an individual to the deadline for filing comments to the final report. *See, e.g., In re Olson,* 884 F.2d 1415, 1420–22 (D.C.Cir., Spec.Div., 1989) (per curiam). The relevant period in this case is from November 27, 1996, when IC von Kann was appointed, to October 20, 1997, the deadline for filing comments to the final report. Sagawa is asking for reimbursement for the time period of March 21, 1997, when she retained counsel, until September 12, 1997, the date she reviewed the IC's final report. Without question the fees and expenses claimed by Sagawa were incurred during the appropriate time period.

### C. Fees Not Incurred "But For" the Requirements of the Act

■ The Act requires that to be reimbursable, attorneys' fees must "not have been incurred *but for* the requirements of [the Act]." 28 U.S.C. § 593(f)(1) (emphasis added). Accordingly, "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement of" the Act. *In re Sealed Case,* 890 F.2d 451, 452 (D.C.Cir., Spec.Div., 1989) (per curiam). The purpose of limiting fee awards to fees that would not have been incurred "but for" the Act is to ensure that "officials [and here derivative 'subjects'] who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. *Id.* (citing S.

REP. No. 97–496, 97th Cong., 2d Sess. 18 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3554 (referring to "fees [that] would not have been incurred in the absence of the [Act]")).

■ In *In re Nofziger*, 925 F.2d 428 (D.C.Cir., Spec.Div., 1991) (per curiam), the court identified several circumstances under which the "but for" requirement of the Act historically was satisfied. For our purposes, we note that one of these circumstances involved "cases in which if the requirements of the Act, restricting the Attorney General's preliminary investigation, did not exist, the case could have been disposed of at an early stage of the investigation, without seeking appointment of independent counsel." *Id.* at 438 (citation omitted). Here, the Attorney General, in her Application to the court requesting the appointment of an independent counsel, stated:

> Although the Department of Justice would in all likelihood exercise its discretion to decline to prosecute this case as a criminal matter . . . I nevertheless am compelled by the terms of the Independent Counsel Act to apply for the appointment of an Independent Counsel.

Application to the Court Pursuant to 28 U.S.C. § 592(c)(1) for the Appointment of an Independent Counsel, *In re Eli J. Segal*, Division No. 96–1 (D.C.Cir., Independent Counsel Division) (filed October 30, 1996) at 2. Given this statement by the Attorney General, we are persuaded that Sagawa would not have incurred the attorneys' fees at issue "but for" the requirements of the Act.

### D. Fees are "Reasonable" under the Act

We must determine whether Sagawa's attorneys charged reasonable rates, and whether the time expended by Sagawa's attorneys on her representation was reasonable. *In re Meese*, 907 F.2d 1192, 1201 (D.C.Cir., Spec.Div., 1990) (per curiam).

■ As to the reasonableness of the rates charged, we note that Sagawa has submitted an affidavit by Jacob Stein, a Washington, D.C., attorney with extensive relevant experience, attesting to the reasonableness of the billing rates of Sagawa's counsel. Based on this affidavit, as well as on other exhibits offered by Sagawa, we conclude that the hourly rates charged by Sagawa's counsel ($200–$310) comport with prevailing community standards and are within the realm of reasonableness.

We turn then to the reasonableness of time expended. First, the Attorney General and the IC both note an error of arithmetic. The billing entries total 32.00 hours billed by attorney Eric N. Lieberman at a rate of $200 per hour, and not 32.75 as requested in the attorneys' fees application. Therefore, we will make a reduction of $150 (.75 × $200).

■ Second, the IC takes issue with 7.5 hours billed on May 8 and 9, 1997 by Lieberman for telephone calls and review of documents regarding the IC's interview of Segal. The IC states that these billings are not reasonable because they occurred more than three weeks after the IC declined to provide Sagawa with a letter of immunity requested by her attorney as a prerequisite for an interview with the IC, and Sagawa had no interview scheduled with the IC and had not been subpoenaed to testify before the grand jury. After taking into consideration the importance to the investigation of the IC's interview of Segal, as well as Sagawa's continuing status as a subject of the investigation, we conclude that the time expended by Sagawa's counsel in investigating the Segal interview was not unreasonable.

Third, the IC objects to certain fees and expenses totaling $605.25 on grounds of duplication of effort. These contested entries concern a meeting on April 9, 1997 with the IC's office that Lieberman and attorney Bruce R. Genderson attended. The IC argues that having two of the subject's attorneys involved in the same meeting is duplicative and therefore not reimbursable.

■ We agree with the IC that a subject's representation by more than one attorney in a meeting with the IC may be duplicative. *See In re Mullins (Mullins Fee Application)*, 84 F.3d 459, 468–469 (D.C.Cir., Spec.Div., 1996) (per curiam). But according to Sagawa, this was the initial meeting with attorneys from the IC's office, the purpose of which was for her attorneys "to

learn the scope of the investigation and the particular allegations under investigation." As we recently held in a related attorneys' fees matter, "[h]aving two attorneys at such an important initial meeting with the IC's office is not unreasonably duplicative." *Segal*, 145 F.3d 1348, 1353–54. Consequently, no deduction for duplication of effort will be made.

### Conclusion

In accordance with the foregoing analysis, the award shall reflect a deduction of $150 for miscalculation of hours billed. It is ordered that Shirley Sagawa be awarded $7,863.95 in reasonable attorneys' fees and expenses.