**In re: Ronald H. BROWN (Brannock Fee Application).**

**Division No. 95–2.**

United States Court of Appeals, District of Columbia Circuit.

Filed Aug. 29, 2000.

Before: SENTELLE, Presiding, FAY and CUDAHY, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

### ORDER

PER CURIAM:

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Lisa M. Brannock for reimbursement of attorneys' fees and costs pursuant to Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Lisa M. Brannock for attorneys' fees she incurred during the investigation by Independent Counsel Daniel S. Pearson be denied.

### ON APPLICATION FOR ATTORNEYS' FEES

Lisa M. Brannock petitions this court under Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994) (the "Act"), for reimbursement of attorneys' fees in the amount of $7,354.45 that she incurred during and as a result of the investigation conducted by Independent Counsel ("IC") Daniel S. Pearson. Because we conclude that Brannock has not carried her burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

### Background

Ronald H. Brown began a term as Secretary of Commerce in January of 1993. Allegations arose thereafter concerning improprieties related to his financial transactions. In particular, there were media reports that Secretary Brown may have failed to disclose required information about First International, a company he owned with a business associate, Nolanda S. Hill. As the Secretary of Commerce is a "covered person" under 29 U.S.C. § 591(b)(2), the Independent Counsel statute was triggered. On February 15, 1995, pursuant to 28 U.S.C. § 592(a)(1), the Department of Justice ("DOJ") notified the Court that it had initiated a preliminary investigation concerning Secretary Brown's finances. That investigation subsequently determined, *inter alia,* "that Secretary Brown received things of value totalling almost $500,000 from First International while he was Secretary of Commerce," and after completion of the preliminary investigation the Attorney General applied to this Court for the appointment of an independent counsel. Application to the Court Pursuant to 28 U.S.C. § 592(c)(1) for the Appointment of an Independent Counsel, May 16, 1995. On July 6, 1995, we appointed Daniel S. Pearson independent counsel for this mat-

ter. The Order appointing Pearson authorized him to investigate, *inter alia,* First International and other companies controlled or operated by Nolanda Hill. Lisa Brannock, the fee petitioner here, was the registered agent of one of Hill's companies and former officer or director of two other Hill corporations.

The IC's investigation was proceeding when, on April 3, 1996, Secretary Brown was killed in an airplane accident. IC Pearson subsequently determined that, in light of the Secretary's death, "the original reason for the appointment of an Independent Counsel ... no longer existed," FINAL REPORT OF THE INDEPENDENT COUNSEL IN RE: RONALD H. BROWN at 7 (submitted June 10, 1996) (hereinafter FINAL REPORT), and it would be "in the public's best interest to transfer the investigation" to the Department of Justice, *id.* at 1. The DOJ agreed to the transfer, which was completed by May 31, 1996. *Id.* On June 10, 1996, IC Pearson submitted his final report to this Court. On July 7, 1999, the DOJ advised the Court that its investigations and prosecutions of all matters referred to it by the IC had been completed. Thereafter, the present fee petitioner filed an application with this Court, seeking reimbursement of attorneys' fees assertedly incurred in connection with the IC's investigation.

## ANALYSIS

The Ethics in Government Act provides for reimbursement of attorneys' fees expended by subjects in defense against an investigation under the Act. Specifically, 28 U.S.C. § 593(f)(1) states:

Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

▮▮ Because the Act "constitutes a waiver of sovereign immunity it is to be strictly construed." *In re Nofziger,* 925 F.2d 428, 438 (D.C.Cir.1991) (per curiam). Therefore, the Act provides only reimbursement for attorneys' fees that survive an elemental analysis determining whether the petitioner is the "subject" of the independent counsel's investigation, incurred the fees "during" that investigation, and would not have incurred them "but for" the requirements of the Act. The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application),* 94 F.3d 685, 690 (D.C.Cir., Spec.Div., 1996) (per curiam).

▮▮ As we have held, "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement of" the Act. *In re Sealed Case,* 890 F.2d 451, 452 (D.C.Cir., Spec.Div., 1989) (per curiam). The purpose of awarding only fees that would not have been incurred "but for" the Act is to ensure that "officials who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. *Id.* at 452–53 (citing S. REP. No. 97–496, at 18 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3554 (referring to "fees [that] would not have been incurred in the absence of the special prosecutor [independent counsel] law")). We conclude that Brannock has not met the "but for" requirement.

▮▮ The Order appointing Pearson as IC authorized him to investigate "whether Ronald H. Brown, Secretary of the Department of Commerce, committed a violation of any federal criminal law ... in connection with: (1) accepting money and other things of value from Nolanda Hill or First International, Inc." Order Appointing Independent Counsel, July 6, 1995. As the Independent Counsel points out, it thus appears that the investigation of Nolanda Hill, whom Lisa Brannock was employed by, was precipitated by her alleged

act of giving things of value to a high-ranking government official.

The Order further gave IC Pearson the "jurisdiction and authority to investigate whether Nolanda Hill violated federal criminal law ... through or in connection with the operations of her organizations, including, but not limited to First International, Inc., and related organizations." *Id.* One such related organization investigated by the IC was the Corridor Broadcasting Corporation ("Corridor"), of which Hill was owner, president, and chief executive officer. According to the IC's Final Report, the IC's office "investigated allegations that at the same time Corridor failed to make payments on its outstanding loans by asserting lack of finances to the banks and FDIC, it was using Corridor income for the personal benefit of its owner Nolanda Hill." FINAL REPORT at 6. Ultimately, Nolanda Hill pleaded guilty to preparing and presenting fraudulent tax returns for three years, based upon income from Corridor Broadcasting Co. Evaluation by Independent Counsel at 11 n.4. Lisa Brannock was an officer or director of two broadcasting stations owned by Corridor.

Another related organization of Hill's was Columbia Leasing Enterprise. The IC investigated Hill for using this company in connection with acts involving the aiding and assisting in false and fraudulent statements. Brannock was listed as Columbia's registered agent and therefore its custodian of records. Evaluation by Independent Counsel at 10–11.

■ As we noted in *In re Nofziger,* 938 F.2d 1397 (D.C.Cir., Spec.Div., 1991) (per curiam), under the Act, "the *first* requirement a subject must meet is to submit legal and factual authority proving that he was subjected to an investigation and prosecution that satisfy the 'but for' requirement, *i.e.,* an investigation that subjected him to different standards of the criminal law than are applied to private citizens, or ... that constituted a more rigorous application of the criminal law than is applied to private citizens." *Id.* at 1400. The acts listed above for which Nolanda Hill was investigated—giving things of value to a high government official, tax fraud, false statements—did not subject her to a "different standard" nor constitute a "more rigorous application" of the criminal law. Indeed, the listed acts are regularly investigated by United States Attorneys as well as by the Tax Division of the DOJ. We are thus persuaded that even in the absence of the Act Nolanda Hill would have been investigated for these activities and that Lisa Brannock, as an employee of Hill's, would have nevertheless incurred the attorneys' fees for which she now seeks reimbursement. *Cf. In re Pierce (Olivas Fee Application),* 178 F.3d 1350, 1355 (D.C.Cir., Spec.Div., 1999) (per curiam) ("If the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities—'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel'—then Congress did not contemplate the award of counsel fees.").

### Conclusion

The petition of Lisa M. Brannock for reimbursement of attorneys' fees is denied for failure to satisfy the "but for" requirement of 28 U.S.C. § 593(f)(1).