# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed September 6, 2005

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(WATT FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior
Circuit Judges*.

## **O R D E R**

This matter coming to be heard and being heard before the
Special Division of the Court upon the application of William
Watt for reimbursement of attorneys' fees and costs pursuant to
section 593(f) of the Ethics in Government Act of 1978, as
amended, 28 U.S.C. § 591 *et seq*. (2000), and it appearing to the
court for the reasons set forth more fully in the opinion filed
contemporaneously herewith, that the petition is not well taken,
it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of William Watt for attorneys' fees that he incurred during the Independent Counsel's investigation be denied.

> *PER CURIAM*
> For the Court:
> Mark J. Langer, Clerk
>
> By:
> Marilyn R. Sargent
> Chief Deputy Clerk

1

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed September 6, 2005

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(WATT FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Division filed PER CURIAM.

PER CURIAM: William Watt petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591-599 (2000) (the Act), for reimbursement of attorneys' fees in the amount of $72,229.00 that he claims were incurred during and as a result of the investigation conducted by independent counsel. Because we conclude that Watt has not carried his burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

## BACKGROUND[1]

In 1978, then-Arkansas Attorney General William Jefferson Clinton, his wife Hillary Rodham Clinton, and Jim and Susan McDougal purchased 230 acres of undeveloped property in Arkansas. To develop the property, they formed a partnership known as the Whitewater Development Company. In 1982, Jim McDougal purchased a savings and loan and renamed it Madison Guaranty Savings and Loan Association. Over the next few years, Jim McDougal and Madison Guaranty were involved in questionable financial transactions, some of which benefitted Whitewater Development. One of these questionable transactions was a fraudulent property loan by Madison Guaranty based on an inflated appraisal of the property. William Watt, the fee petitioner here, apparently was instrumental in obtaining the appraisal.

All of these activities eventually drew the attention of federal bank regulators, who made a criminal referral in 1992 to the U.S. Attorney's Office in Little Rock. The U.S. Attorney's Office undertook an investigation, and in late 1993 transferred the case to the Criminal Division of the Department of Justice. Then, following Mr. Clinton's inauguration as President in January of 1993, public pressure began mounting for the appointment of an independent prosecutor to investigate Mr. Clinton's role in the Madison Guaranty matters. The Ethics in Government Act,[2] which had provided the mechanism for

---

[1]A substantial portion of this background material has been adopted verbatim from *In re Madison Guaranty Savings & Loan (Clinton Fee Application)*, 334 F.3d 1119, 1126 (D.C. Cir., Spec. Div., 2003) (per curiam).

[2] In 1978 the Congress, in response to concerns about the impartiality of the Executive Branch during the investigation of the

appointing statutory independent prosecutors to investigate allegations of wrongdoing by high government officials, lapsed by its terms in 1992 and had not been reenacted by the Congress. Consequently, in early 1994, the Attorney General appointed Robert B. Fiske, Jr., as regulatory independent counsel to continue the investigation of all matters relating to Madison Guaranty. During the approximately eight months of Fiske's investigation, his office conducted hundreds of interviews, subpoenaed millions of pages of documents, and obtained three guilty pleas. Subsequently, in June of 1994, the independent counsel statute was reauthorized by the Congress. Pursuant to the statute, in August of that year the court appointed Kenneth Starr as statutory independent counsel (hereinafter "IC" or "OIC") to take over the investigation.

Watt was apparently a focus of these various investigations. In 1989 he was served a subpoena for documents by the U.S. Attorney's office. He was also interviewed. Nevertheless, according to Watt, the U.S. Attorney's office "required nothing further of [him]." Subsequently, in 1994, he was apparently served another subpoena by regulatory independent counsel Fiske's office seeking similar documents. After Fiske's investigation was taken over by statutory independent counsel Starr, Watt was told that he was a subject of that investigation, eventually being conferred with immunity. He was never indicted. Pursuant to § 593(f)(1) of the Act, Watt now petitions the court for reimbursement of attorneys' fees in the amount of $72,229.00 that he claims were incurred during and as a result

---

Watergate matter, enacted the Ethics in Government Act, which authorized a special court to appoint an independent counsel to prosecute violations of the criminal law involving high government officials, including the President. As its name implies, this counsel was to function independent of any federal government agency.

of the IC's investigation.

## DISCUSSION

Unique in the criminal law structure of the United States, the Ethics in Government Act provides for reimbursement of attorneys' fees expended by subjects in defense against an investigation under the Act. Specifically, 28 U.S.C. § 593(f)(1) states:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

Because the Act "constitutes a waiver of sovereign immunity it is to be strictly construed." *In re Nofziger*, 925 F.2d 428, 438 (D.C. Cir., Spec. Div., 1991) (per curiam). Therefore, the Act provides reimbursement only for attorneys' fees that survive an elemental analysis determining whether the petitioner is the "subject" of the independent counsel's investigation, incurred the fees "during" that investigation, and would not have incurred them "but for" the requirements of the Act. The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). Although there are several minor areas of contention among the parties as to Watt's eligibility for reimbursement, the one major issue is whether or not Watt has satisfied the "but for" requirement.

As we have held, "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement of" the Act. *In re Sealed Case*, 890 F.2d 451, 452 (D.C. Cir., Spec. Div., 1989) (per curiam). The purpose of awarding only fees that would not have been incurred "but for" the Act is to ensure that "officials who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. *Id.* at 452-53 (citing S. REP. NO. 97-496, 97th Cong., 2d Sess. 18 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3554 (referring to "fees [that] would not have been incurred in the absence of the special prosecutor [independent counsel] law")).

As we have stated, "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush Fee Application)*, 59 F.3d 184, 188 (D.C. Cir., Spec. Div., 1995) (per curiam) (quoting *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1079 (D.C. Cir., Spec. Div., 1993) (per curiam)). In part this is so because the element requires a petitioner to prove a negative - one with a high component of speculation. In part, though, it is difficult because the law contemplates that it should be difficult and that such fees will not be a common thing. *In re Olson*, 884 F.2d 1415, 1420 (D.C. Cir., Spec. Div., 1989) ("The court is admonished to award reimbursement for attorneys' fees 'in only rare instances' for 'extraordinary expenses,' 'sparingly' ") (quoting S. Rep. 97-496, 97th Cong., 2d Sess. 19 (1982)). As we stated above, the contemplation of the legislation is not that subjects of independent counsel investigations will be reimbursed for all legal fees, but only that they will be reimbursed for those legal fees that would not have been incurred by a similarly-situated subject investigated in the absence of the Act.

Watt puts forth a short and simple reason for fulfilling the "but for" requirement: before the IC was appointed to investigate the Whitewater matter, his "questioned actions and activities had previously been reviewed by a U.S. Attorney and said U.S. Attorney found no culpability on" his part. Consequently, reasons Watt, "since no culpability was found on his part in 1989 after producing identical documents and cooperating fully with the authorities [then] but for the Whitewater investigation" he would not have incurred the attorneys' fees for which he seeks reimbursement.

In her evaluation of Watt's fee application, the IC disputes his claim that he passes the "but for" test. First, the IC notes that although Watt may be asserting his right to reimbursement under the duplication of investigations theory, he "does not explain his theory of the law" beyond contending that the U.S. Attorney found no culpability on his part. The IC further notes that although Watt claims that he would not have incurred the sought after fees " 'but for' the Whitewater investigation," the investigation of him by regulatory independent counsel Fiske shows conclusively that in the absence of the Act his actions not only would have been, but were investigated by the Department of Justice.

The DOJ in its evaluation also contends that Watt has failed to pass the "but for" requirement. First, in similar fashion to the IC, the DOJ argues that it is obvious that Watt would have been investigated by the DOJ in the absence of the Act, as shown by the investigations undertaken prior to the re-enactment of the Act by the U.S. Attorney, the Criminal Division of the DOJ, and regulatory counsel Fiske. Next, the DOJ addresses what it describes as Watt's duplication of investigations theory, arguing that prior decisions of this court have "made clear that the 'but for' test is not met when an investigation is duplicative of other federal criminal investigations, but only when it is duplicative

of the preliminary investigation required by the Independent Counsel statute." Since Watt is not claiming that the IC's investigation of him was duplicative of the preliminary investigation, the DOJ contends that his argument under this theory must fail.

\* \* \* \* \* \* \* \* \*

In claiming that he passes the "but for" test, Watt is arguing that prior to the IC's investigation he was investigated by the U.S. Attorney's office, which "found no culpability on [his] part," and that that would have been the end of the matter with respect to him if the IC had not been appointed. It was, then, the independent counsel's appointment and subsequent reinvestigation of the matter that led him to incur the fees for which he now seeks reimbursement.

Given this argument, Watt has not met his burden of proving that his situation satisfies the "but for" requirement. First, Watt's recitation of the facts does not appear to be entirely accurate: although he claims that the U.S. Attorney's office found "no culpability" on his part, there is no evidence that the U.S. Attorney's office came to a conclusion either way about Watt's conduct. The case instead was apparently transferred to another DOJ entity.

It does appear to be accurate, however, that Watt was investigated at least twice for the same matter: once by the U.S. Attorney's office and once by the office of IC Starr. But although an independent counsel's investigation may look into the same matter as a former investigation, the Act does not contemplate attorneys' fees reimbursement for the cost of defending against the second investigation. *In re Nofziger*, 925 F.2d 428 (D.C. Cir., Spec. Div., 1991) (per curiam), offers support for this proposition.

In *Nofziger* the court noted that in 1983 Congress made certain major changes to the Act, one of which provided for the reimbursement of attorneys' fees subject to certain qualifications. The court then addressed the issue of the inherent differences in independent counsel investigations and whether these differences could be grounds for attorneys' fees reimbursement. Citing to the Senate Report accompanying the 1983 changes, the court quoted from the testimony of Lloyd Cutler wherein he stated that "one inevitable consequence of the appointment of a special prosecutor or independent counsel is a repetition of going over ground that has already been gone over, and a very substantial increase in the amount of time the target and his lawyer must spend on the matter." *Id*. at 445 (citation and emphasis omitted). In highlighting this testimony, the court explained that Cutler was arguing to the Congress "that the appointment of an independent counsel *necessarily* increases the costs to the subject of the investigation . . . ." *Id*. (original emphasis). The court pointed out that Congress was therefore aware of this contention, but nevertheless refused to allow reimbursement simply on account of the Act; instead, Congress allowed for reimbursement only for those attorneys' fees that "would not have been incurred but for *the requirements* of [the Act]." *Id.* (original emphasis). And, the court noted, the term "'[r]equirements' refers to the special limitations and procedures established by the Act." *Id*. Watt's argument for passing the "but for" test does not reference any requirements of the Act; instead, Watt relies only on the Act itself, i.e., the appointment of the independent counsel. As explained in *Nofziger*, the Congress did not provide for reimbursement of attorneys' fees on this basis alone.

## CONCLUSION

The petition of William Watt for reimbursement of attorneys' fees is denied for failure to satisfy the "but for" requirement of the Act.