**In re Oliver L. NORTH (Adkins Fee Application).**

**Division No. 86-6.**

United States Court of Appeals, District of Columbia Circuit.

Sept. 13, 1994.

Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended.

Before SENTELLE, Presiding, and BUTZNER and SNEED, Senior Circuit Judges.

## ORDER

PER CURIAM.

This matter coming on to be heard and being heard before the Special Division of the Court, upon the application of James L. Adkins for reimbursement of attorneys' fees under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599, and it appearing to the Court for the reasons more fully set forth in the opinion filed contemporaneously herewith, that the motion is well taken, in part, it is hereby

ORDERED, ADJUDGED and DECREED that the United States reimburse James L. Adkins for attorneys' fees he incurred during the investigation by Independent Counsel Lawrence E. Walsh in the amount of $4,754.72 this 13th day of September, 1994.

Before SENTELLE, Presiding, and BUTZNER and SNEED, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:

James L. Adkins seeks reimbursement of his legal fees in the amount of $5,307.85 pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599. We direct that Adkins be compensated only to the extent of $4,754.72.

Adkins' fee request has its source in his service as the Chief of a Central Intelligence Agency (CIA) in Central America from January 1985 until 1987. The nature of these duties is classified. In early May, 1987, Independent Counsel Lawrence E. Walsh commenced an investigation of Adkins' activities in Central America, the object of which was to determine whether those activities violated the Boland and Mrazek Amendments.[1] Adkins retained Thomas E. Wilson of the firm of Seyfarth, Shaw, Fairweather & Geraldson to represent him against any charges the Independent Counsel might initiate.

Although the Independent Counsel brought no charges against Adkins, in his final report he asserted that Adkins violated both Amendments, lied to investigators from the CIA's Inspector General's Office about his activities, and charged CIA accounts for

---

1. Boland Amendment: Pub.L. No. 99–169, § 105.

Mrazek Amendment: Military Construction Appropriations Act of 1987, Pub.L. No. 99–500.

costs of fuel for aid to the Contras. Final Report, Ch. 22, p. 304 & n. 2. Nonetheless, Adkins was not indicted. In his Final Report, p. 309, the Independent Counsel explained that he concluded that "prosecution would not have advanced Independent Counsel's investigation into the Iran–Contra affair."

Adkins, it follows, was a potential defendant from the commencement of the Independent Counsel's investigation until November 1987, the time the decision not to prosecute was made. . We conclude Adkins was a "subject," as that term is understood pursuant to 28 U.S.C. § 593(f)(1), during the period from May to November, 1987. Furthermore, he was not "indicted."

The requested fees appear from the statement submitted with this request to have been incurred from May 12, 1987 through August 25, 1987. It follows that the fees were incurred "during" the investigation of the Independent Counsel who was appointed December 19, 1986. Also, our examination of the documentation submitted by the request demonstrates that the fees are supported satisfactorily and are "reasonable" in amount except for those fees devoted to efforts to obtain an immunity from the Iran–Contra Congressional Committee. The Department of Justice (DOJ), in its review of this fee request, expressed the view that all such fees were not subject to reimbursement under section 593(f). That is, they were not "reasonably related to [the Independent Counsel's] investigation."

It is true that the waiver of sovereign immunity which is provided by 28 U.S.C. § 593(f) must be narrowly construed, see, e.g., In re North (Gadd Fee Application), 12 F.3d 252, 254 (D.C.Cir.1994) (per curiam), but that does not require that the realities of the "subject's" position be ignored.

The efforts to obtain immunity from the Iran–Contra Congressional Committee served a dual purpose. Counsel for Adkins sought immunity both to facilitate his testimony before the Committee and to impair any effort of the Independent Counsel to prosecute him. It is a strategy made possible by the coexistence of a congressional investigation and a prosecutorial investiga-

tion, in this instance by an Independent Counsel. Immunized testimony before a committee, even when only "use immunity" is involved, enlightens the Congress and the public, but handicaps the prosecutor. It is Congress that exercises the choice.

Under these circumstances, the fees incurred by Adkins in seeking immunity, which he never received, from the Iran–Contra Committee, were in part incurred to shield himself from the Independent Counsel.

Although this may be true, it does not follow that any fixed proportion of dual purpose fees can be reimbursed. Each reimbursement request must be carefully examined. A fairly precise accounting for efforts to obtain congressional immunity is a prerequisite of recovery of any portion of such fees.

In this instance, we believe sufficient accounting exists. Our examination of the documentation accompanying the fee request reveals the following items explicitly pertaining to the Iran–Contra hearings:

| | | | |
|---|---|---|---|
| 5/18/87 | – | $ 37.50 | Draft letter to Committee Chairman |
| 5/19/87 | – | $ 18.75 | Revise above letter |
| 6/2/87 | – | $ 112.50 | Re Conference with Committee Staff |
| 6/2/87 | – | $ 262.50 | Conference with Committee Staff |
| 7/7/87 | – | $ 225.00 | Monitor Congressional Hearings |
| 7/8/87 | – | $ 225.00 | Monitor Congressional Hearings "in connection with IC inquiry" |
| 7/9/87 | – | $ 225.00 | Monitor Congressional Hearings "re IC inquiry" |
| Total: | | $1,106.26 | |

In the absence of facts indicating a different apportionment, we hold that one-half of the above fees is *not* reimbursable ($553.13), and the other half is reimbursable.

Adkins argues the entire amount is reimbursable on the authority of *In re North (Dutton Fee Application)*, 11 F.3d 1075 (D.C.Cir.1993) (per curiam).

We reject that interpretation of *Dutton.* In *Dutton,* the primary focus was upon the effect of a grant of use immunity by the District Court for the District of Columbia at the request of the Independent Counsel on Dutton's eligibility for reimbursement of fees under the Ethics in Government Act. *Id.* at

1078–79. The Special Division held that Dutton's receipt of use immunity terminated his status as a "subject" and foreclosed any right to reimbursement for fees incurred thereafter. *Id.* at 1079.

In this case Adkins obtained immunity from neither the Iran–Contra Congressional Committee nor the Independent Counsel. The only questionable aspect of Adkins' fee request is the amount expended to obtain congressional committee immunity and to observe the proceedings of that committee.

We hold there exists no statutory authority for the reimbursement of expenses incurred by a prospective witness *solely* to negotiate immunity with a congressional committee investigating activity which later may lead to criminal prosecution of the witness. Therefore, in this instance we must deny reimbursement of one-half the above expenses.

*Judgment accordingly.*

### APPENDIX

| | |
|---|---|
| Total Fee Request Including Expenses | $5,307.85 |
| Less: Deduction for One–Half of Fees Related to Pursuit of Immunity | $553.13 |
| Total Award | $4,754.72 |