**In re Oliver L. NORTH (Gregg Fee Application).**

**Division No. 86–6.**

United States Court of Appeals, District of Columbia Circuit.

June 27, 1995.

---

Before: SENTELLE, Presiding,
BUTZNER and FAY, Senior Circuit Judges.

## ORDER

This matter coming to be heard and being heard before the Special Division of the Court, upon the application of Donald P. Gregg for reimbursement of expenses pursuant to section 593(f) of the Ethics in Government Act of 1978, as Amended, 28 U.S.C. § 591 *et seq.* (1988 & Supp. V 1993), and it appearing to the Court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the motion is well taken, it is hereby

**ORDERED, ADJUDGED, AND DE-CREED** that the United States reimburse Donald P. Gregg for expenses he incurred during the investigation by Independent Counsel Lawrence E. Walsh in the amount of $7,541.67 this 27th day of June, 1995.

Opinion for the court filed PER CURIAM.

## PER CURIAM:

Donald P. Gregg, who served as National Security Advisor to former Vice President George Bush, was investigated by Independent Counsel Lawrence Walsh in connection with the Iran/Contra Affair. Pursuant to the Ethics in Government Act, 28 U.S.C. § 591 *et seq.*, Mr. Gregg seeks reimbursement of $8,741.67 for expenses incurred during the investigation. He does not seek reimbursement for any attorneys' fees.

In accordance with its usual practice, the court directed the Department of Justice to evaluate Mr. Gregg's application in relation to the statutory requirements for reimbursement. *See* 28 U.S.C. § 593(f)(2). The Department's evaluation questioned the adequacy of documentation of several claimed items. In response to the Department's evaluation, Mr. Gregg submitted a more detailed account of his expenses.

To recover expenses under the Act, a petitioner must show he was a subject of the independent counsel's investigation, that the expenses would not have been incurred but for the independent counsel's investigation, and that the claimed expenses are reasonable. 28 U.S.C. § 593(f)(1); *see, e.g., In Re North (Dutton Fee Application),* 11 F.3d 1075, 1077–81 (D.C.Cir.1993); *In Re North (Shultz Fee Application),* 8 F.3d 847, 850 (D.C.Cir.1993).

Mr. Gregg has shown that he was a subject of investigation. Because he was National Security Advisor to the Vice President during the Iran/Contra period, he was interviewed numerous times by the independent counsel. He took a polygraph examination at the request of the independent counsel. When the independent counsel expressed dissatisfaction at the results of the examination, Mr. Gregg retained counsel. We find that Mr. Gregg was a subject from this time until the investigation ended.

Mr. Gregg also satisfies the "but for" requirement. The investigation focused on his conduct in connection with possible attempts to circumvent the Boland Amendment, which executive branch authorities would not have treated as criminal violations. We find that Mr. Gregg would not have

incurred the expenses but for the requirements of the Act. *See, e.g., In Re North (Dutton Fee Application),* 11 F.3d at 1079–81.

■ Mr. Gregg has not sufficiently demonstrated the reasonableness of all the expenses claimed. His documentation consists of two tables. The first lists the nature, amount, and date of various expenses. The second is a compilation of the hourly billing statements of Gregg's attorneys and the explanation of their services. These listings do not provide adequate information for the court to determine the reasonableness of some expenses. For this reason the court reduces the amount awarded for several items. *See In Re Donovan,* 877 F.2d 982, 994–95 (D.C.Cir.1989) (fee applicant must provide adequate documentation of reasonableness of fees and costs incurred).

Mr. Gregg seeks $2,273.19 for "duplicating." Because no itemization of these expenses was provided, we reduce the amount by $1,000.00. *See In Re Meese,* 907 F.2d 1192, 1204 (D.C.Cir.1990) (reducing petitioner's award for photocopying costs because of inadequate documentation).

Mr. Gregg seeks $538.43 for telephone, facsimile, and express delivery charges. We realize that some of these services were probably necessary, but in light of Mr. Gregg's failure to supply the court with itemizations of these charges, we disallow $200.00.

■ Overtime expenses are not generally recoverable under the Act. *See In Re Olson,* 884 F.2d 1415, 1429 (D.C.Cir.1989); *In Re Meese,* 907 F.2d at 1204. Mr. Gregg explains that because he was serving as ambassador to South Korea, overtime work in Washington was necessary in order to accommodate the 12–hour time difference. In view of this circumstance, we allow recovery for overtime in this case.

■ We allow recovery for an independent polygraph examination, LEXIS information retrieval charges, overtime, word processing charges, travel expenses, minimal out-of-pocket expenses, postage, proofreading and transcript charges. After the deductions noted above, we award Mr. Gregg $7,541.67.

*Judgment accordingly.*