In re Oliver NORTH, et al.
(Cave Bill of Costs).

Division No. 86–6.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 22, 1995.

Before: SENTELLE, Presiding, and BUTZNER and FAY, Senior Circuit Judges.

PER CURIAM:

George Cave successfully petitioned this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1988 and Supp. V 1993) ("the Act") for reimbursement of attorneys' fees in the amount of $19,912.50 that he incurred during and as a result of the Iran/Contra investigation conducted by Independent Counsel Lawrence E. Walsh. *See*

*In re Oliver L. North (Gregg Fee Application),* 57 F.3d 1115 (D.C.Cir.1995) (per curiam). He now submits a bill of costs against the United States to recover the costs of copying his attorneys' fees application and related filings.

Federal Rule of Appellate Procedure 39(b) provides that costs may be awarded against the United States only if authorized by law. *See, e.g., James v. Quinlan,* 886 F.2d 37, 39 (3d Cir.), *cert. denied,* 493 U.S. 870, 110 S.Ct. 197, 107 L.Ed.2d 151 (1989). Cave, however, cites to no provision authorizing such an award of costs. Title 28 U.S.C. section 593(f), which allowed Cave to recover attorneys' fees as an unindicted subject of the Independent Counsel's investigation, is silent as to bills of costs against the United States. Further, while 28 U.S.C. section 2412 allows recovery of costs against the United States to a prevailing party in a civil action against the United States, Cave's fee application does not fall under the scope of that section as there is no civil action in which he was a prevailing party.

Sovereign immunity prevents the award of costs or fees against the United States absent specific statutory authorization. *See Cuneo v. Rumsfeld,* 553 F.2d 1360, 1363 (D.C.Cir.1977). We have previously held that we must strictly construe the waiver of sovereign immunity found in section 593(f), *see In re Donovan,* 877 F.2d 982, 994 (D.C.Cir.1989), and that care must be taken to avoid enlarging a statute's waiver of immunity beyond what a fair reading of a statute requires. *In re North (Fernandez Fee Application),* 37 F.3d 663, 665 (D.C.Cir.1994).

Because there is no statutory provision permitting recovery of costs against the United States in these circumstances, the bill of costs is denied.

*Judgment accordingly.*