**In re:  Bruce Edward BABBITT (Stetson Fee Application).**

**Division No.   98–1.**

United States Court of Appeals, District of Columbia Circuit.

Filed June 28, 2002.

See also 290 F.3d 386.

Before:  SENTELLE, Presiding, FAY and CUDAHY, Senior Circuit Judges.

Opinion of the Special Court filed PER CURIAM.

Dissenting opinion filed by Senior Circuit Judge CUDAHY.

### O R D E R

PER CURIAM

This matter coming to be heard and being heard before the Special Division of

the Court upon the petition of Catherine Baker Stetson for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DE-CREED** that the petition of Catherine Baker Stetson for attorneys' fees she incurred during the investigation by Independent Counsel Carol Elder Bruce be denied.

## ON APPLICATION FOR ATTORNEYS' FEES

Catherine Baker Stetson petitions this court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (1994) (the "Act"), for reimbursement of attorneys' fees in the amount of $4,777.09 that she incurred during and as a result of the investigation conducted by Independent Counsel ("IC" or "OIC") Carol Elder Bruce. Because we conclude that Stetson has not carried her burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

### BACKGROUND

The facts of the investigation conducted by IC Bruce are set forth in detail in *In re Babbitt (Babbitt Fee Application)*, 290 F.3d 386, 388–89 (D.C.Cir., Spec. Div., 2002). For our purposes here, we briefly note that IC Bruce was appointed to investigate allegations that the White House had improperly influenced the 1995 decision of the U.S. Department of the Interior ("DOI") to deny the application of three Indian tribes to take off-reservation land into trust in order to establish a casino on the property, and that Secretary of the Interior Bruce Babbitt had lied about the decision to Congress. The allegations concerned contributions of a substantial amount of money to the Democratic National Committee and other Democratic interests by certain Indian tribes opposed to the casino and suggested that the DOI's decision to deny the casino application was influenced by these donations. Catherine Baker Stetson, the fee petitioner here, was a volunteer active in soliciting contributions from American Indians in support of the DNC in 1995 and 1996, apparently including from the tribes that were central to the allegations surrounding the casino application. As the IC's jurisdictional mandate included investigation into any connection between political contributions of Indian tribes and the decision on the casino application, Stetson's activities came to the attention of the IC. The IC issued a subpoena for certain documents to Stetson, who subsequently destroyed a number of documents that she claimed were not responsive to the subpoena. Consequently, the IC began an investigation of the document destruction issue. Stetson eventually entered into an immunity agreement with the IC.

Stetson, pursuant to section 593(f)(1) of the Act, has petitioned this court for reimbursement of the attorneys' fees she incurred during the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Stetson's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

930

ANALYSIS

■ The Independent Counsel statute provides that

Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a· petitioner must show that all of the following requirements are met:

1) the petitioner is a "subject" of the investigation;

2) the fees were incurred "during" the investigation;

3) the fees would not have been incurred "but for" the requirements of the Act; and

4) the fees are "reasonable."

See In re North (Dutton Fee Application), 11 F.3d 1075, 1077–82 (D.C.Cir., Spec. Div., 1993) (per curiam). Because we find that Stetson fails to satisfy the third requirement, known as the "but for" test, we need not address the remaining requirements.

\* \* \* \* \* \* \* \* \*

■ We have previously established that "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement." In re Sealed Case, 890 F.2d 451, 452 (D.C.Cir., Spec. Div., 1989) (per curiam). And we have repeatedly held that "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].' " In re North (Bush Fee Application), 59 F.3d

184, 188 (D.C.Cir., Spec. Div., 1995) (per curiam) (quoting Dutton, 11 F.3d at 1079). In order to establish eligibility for an award, the fee applicant must show that the amounts claimed are only those fees and expenses above and beyond those she would have incurred as a result of an investigation by the DOJ. In re Sealed Case, 890 F.2d at 452–53. As we stated in In re Pierce (Olivas Fee Application), 178 F.3d 1350, 1355 (D.C.Cir., Spec. Div., 1999) (per curiam), "[i]f the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities—'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel'—then Congress did not contemplate the award of counsel fees. In re North (Dutton Fee Application), 11 F.3d at 1080."

Stetson claims that she would not have incurred the attorneys' fees requested "but for" the "operation of the Independent Counsel statute," noting that she was only a peripheral figure in the OIC's investigation, that "the IC enjoyed wide discretion and an unrestrained ability to explore all angles" of Babbitt's testimony regarding the DOI's denial of the tribes' application, and that her involvement in the investigation "is a by-product of the unusually broad and thorough reach that is not uncommon of IC investigations." But contrary to what Stetson implies, simply be-cause ·an investigation was conducted by an independent counsel under the Act does not automatically mean that the "but for" test is met. If it did, then, as we have noted elsewhere,"virtually every person investigated by the Independent Counsel for potentially criminal conduct would satisfy the 'but for' requirement of the Act." Olivas at 1355 (citation and internal quotation marks omitted); see also In re Pierce (Kisner Fee Application), 178 F.3d 1356, 1360 (D.C.Cir., Spec. Div., 1999) (per curiam). Such a result was not the intent of

the Congress. *See In re Nofziger,* 925 F.2d 428, 445 (D.C.Cir., Spec. Div., 1991) (per curiam).

In a similar vein, Stetson claims that absent the OIC's "broad latitude in conducting its investigation," she would have "not been contacted at all or had such contact occurred it would have been minimally intrusive." Stetson compares her situation to that of the fee applicant in *In re Sealed Case,* arguing that that case recognizes the "but for" requirement to be satisfied "when an investigation pursuant to the Act is significantly more taxing than one that would otherwise occur." In *In re Sealed Case,* the Attorney General requested the appointment of an independent counsel to investigate an alleged minor tax violation by a government official. We found the "but for" requirement fulfilled because the government official (the fee applicant) had been subjected to a more rigorous application of the criminal law than is applied to other citizens. We made this finding because of two factors. First, the Attorney General in his application for appointment of an independent counsel represented that the Act's restrictions were a hindrance to his conducting an adequate preliminary investigation. We noted that if the AG had not been so hindered then the government official "might have been subjected to a lesser investigation, or perhaps exonerated at this early stage." 890 F.2d at 453. Second, we found that although the independent counsel had been appointed to investigate the applicant's 1981, 1982, and/or 1984 tax returns, he actually examined the applicant's tax returns for nine years, from 1976 to 1984. We stated that the ordinary examination of a taxpayer for a similar tax offense "would have been substantially less probing." *Id.* at 454.

In the case before us, as we explained in *Babbitt,* the Attorney General in her application for appointment of an independent counsel made no representation that the Act's limitations restricted her preliminary investigation. 290 F.3d at 393. Furthermore, no such less probing examination would have been made in the absence of the Act. As we made clear in *Babbitt,* if IC Bruce had not investigated the deep and widespread allegations surrounding the denial of the casino application, then other prosecuting authorities would have done so. For Stetson, this means that her conduct too would have been investigated just as extensively in the absence of the Act. And although we have in the past found the "but for" requirement satisfied where a professional prosecutor would have conducted the same investigation as the IC but where "an inquiry [occurred] not normally pursued in a criminal investigation," *In re Pierce (Abrams Fee Application),* 190 F.3d 586, 593 (D.C.Cir., Spec. Div., 1999) (per curiam) (independent counsel investigated whether fee applicant had properly complied with a provision of the HUD handbook), that is not the situation here. Rather, Stetson was investigated for document destruction, an offense we addressed previously in the "but for" context in *Olivas.* We concluded there, as we do here, that the fee applicant did not satisfy the "but for" requirement since investigation and potential prosecution for this type of activity was "'not uniquely related to the Act.'" *Olivas,* 178 F.3d at 1355 (quoting *In re North (Corr Fee Application),* 56 F.3d 261, 264 (D.C.Cir., Spec. Div., 1995) (per curiam)).

## CONCLUSION

The petition of Catherine Baker Stetson for reimbursement of attorneys' fees is denied for failure to comply with the "but for" requirement of 28 U.S.C. § 593(f)(1).

CUDAHY, Senior Circuit Judge, dissenting:

The majority opinion makes no mention of the recommendation by the Department

of Justice that Ms. Stetson's attorneys' fees be paid. The Department submitted a similar recommendation with respect to Secretary Babbitt's fee petition, and that recommendation quoted the same passage as does the present recommendation, from the Attorney General's application for appointment of an independent counsel in the Babbitt case. This quotation from the application of the Attorney General referred specifically to the heightened criminal intent requirements that attached to her preliminary investigation. Notwithstanding this statement by the Attorney General, the panel majority in *In re Babbitt* relied on its version of the "but for" test to deny the major part of the fee request over my dissent. For a more extensive discussion of the "but for" test, and the increasing (and arguably unjustified) rigor of its application in recent years, I refer to my dissent in *In re Babbitt (Babbitt Fee Application)*, 290 F.3d 386, 395–403 (D.C.Cir., Spec. Div., 2002) (Cudahy, J., dissenting).

It is a fallacy to try to make a "but for" analysis of Ms. Stetson's fee petition in isolation from the analysis of Secretary Babbitt's petition. The investigation of Ms. Stetson was merely a part of the investigation of Secretary Babbitt. Had Secretary Babbitt not been investigated, Ms. Stetson would not have been, and the "but for" issue for Ms. Stetson is necessarily the same as for Secretary Babbitt. As my dissent in the case of Secretary Babbitt's fee petition made clear, the Attorney General would never have referred the Babbitt matter for investigation by an independent counsel unless special provision of the Independent Counsel Act forbade her to decline the reference unless there was clear and convincing evidence that Secretary Babbitt lacked the requisite criminal intent. *See* 28 U.S.C. § 592(a)(2)(B)(ii). The circumstance that this special statutory provision on criminal intent had no apparent direct impact on Ms. Stetson is of no consequence. The investigation of Ms. Stetson was entirely a by-product of a lengthy and exhaustive independent counsel inquiry into the words and actions of Secretary Babbitt—an investigation that in my judgment went forward on account of the special criminal intent provision of the Independent Counsel Act. Therefore, for the same reason that I believe Secretary Babbitt's petition satisfies the "but for" test, I believe Ms. Stetson satisfies this requirement as well.

The fact that part of the inquiry into the activities of Ms. Stetson involved alleged document destruction is also of no consequence. One is not entitled to look into and characterize the details of the investigation if the inquiry as a whole meets the "but for" test as it certainly does here. One need not make the dubious argument that an inquiry into alleged document destruction is somehow unique to an investigation by an independent counsel. As I see it, this is beside the point.

Proper resolution of the present fee petition must turn on the remaining three requirements of the case law, *see ante* at 932 (citing *In re North (Dutton Fee Application)*, 11 F.3d at 1077–82), which have been overlooked here because the majority found its "but for" analysis dispositive. Although there might be some question about the documentation of reasonableness of hourly rates, I believe that Ms. Stetson's fee petition meets the other requirements for reimbursement of fees.

I therefore respectfully dissent.