**In re: Bruce Edward BABBITT (Thornberry Fee Application).**

**Division No. 98–1.**

United States Court of Appeals, District of Columbia Circuit.

Filed July 19, 2002.

Before: SENTELLE, Presiding, FAY and CUDAHY, Senior Circuit Judges.

Opinion of the Special Court filed PER CURIAM.

Separate opinion concurring in the judgment filed by Senior Circuit Judge CUDAHY.

PER CURIAM:

### ORDER

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of B. J. Thornberry for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.*

(1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith* that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DE-CREED** that the petition of B. J. Thornberry for attorneys' fees she incurred during the investigation by Independent Counsel Carol Elder Bruce be denied.

## ON APPLICATION FOR ATTORNEYS' FEES

B. J. Thornberry petitions this court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591–599 (2000) (the "Act"), for reimbursement of attorneys' fees in the amount of $4,163.61 that she incurred during and as a result of the investigation conducted by Independent Counsel ("IC" or "OIC") Carol Elder Bruce. Because we conclude that Thornberry has not carried her burden of showing that she was a subject of the investigation or that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

### BACKGROUND

The facts of the investigation conducted by IC Bruce are set forth in detail in *In re Babbitt (Babbitt Fee Application)*, 290 F.3d 386 (D.C.Cir., Spec.Div., 2002). For present purposes, we briefly note that IC Bruce was appointed to investigate allegations that the White House had improperly influenced the 1995 decision of the U.S. Department of the Interior ("DOI") to deny the application of three Indian tribes to take off-reservation land into trust in order to establish a casino on the property,

and that Secretary of the Interior Bruce Babbitt had lied about the decision to Congress. The allegations concerning the denial included contributions of a substantial amount of money to the Democratic National Committee and other Democratic interests by certain Indian tribes opposed to the casino and that the DOI's decision to deny the casino application was influenced by these donations. B. J. Thornberry, the fee petitioner here, was Executive Director of the DNC from 1996 to 1998; she had been a Deputy Assistant Secretary at DOI from 1993 to 1994; and she had also held the position of Deputy Chief of Staff at DOI. In the IC's Final Report, Thornberry's only mention is a brief entry in a description of the DNC's 1996 fund-raising efforts involving an Indian tribe. FINAL REPORT OF THE INDEPENDENT COUNSEL IN RE: BRUCE EDWARD BABBITT at 345.

Thornberry, pursuant to section 593(f)(1) of the Act, has petitioned this court for reimbursement of the attorneys' fees she incurred during the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Thornberry's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

### ANALYSIS

The Independent Counsel statute provides that

Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court

---

* Separate opinion concurring in the judgment filed by *Senior Circuit Judge* Cudahy.

may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter. 28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met:

1) the petitioner is a "subject" of the investigation;

2) the fees were incurred "during" the investigation;

3) the fees would not have been incurred "but for" the requirements of the Act; and

4) the fees are "reasonable."

See *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–82 (D.C.Cir., Spec.Div., 1993) (per curiam). For the reasons stated below, we conclude that Thornberry has not met either the "subject" or the "but for" requirement.

*A. "Subject" Status*

 Thornberry argues that she was a subject of the IC's investigation because "it is clear from the questions posed to her that the Independent Counsel was investigating the possibility of [her] involvement in illegal campaign contributions and other potential violations of Federal law." She makes this argument in a conclusory manner without reference to any supporting facts.

We have previously defined the term "subject" as a person whose conduct is within the scope of the independent counsel's investigation in such fashion that "the Independent Counsel might reasonably be expected to point the finger of accusation" at him. *Dutton*, 11 F.3d at 1078; *see also In re North (Shultz Fee Application)*, 8

F.3d 847, 850 (D.C.Cir., Spec.Div., 1993) (per curiam). We are not persuaded that the IC was focused on any possible criminal culpability by Thornberry during the IC's investigation. Her involvement with the investigation appears to have been minimal: according to the IC, she was interviewed on one occasion by the OIC staff. She had no other contacts with the IC's office. *Cf., e.g., In re North (Gregg Fee Application)*, 57 F.3d 1115, 1116 (D.C.Cir., Spec.Div., 1995) (per curiam) (numerous interviews). She was never informed by the IC that she was a subject of the investigation. *Cf., e.g., In re North (Haskell Fee Application)*, 74 F.3d 277, 280 (D.C.Cir., Spec.Div., 1996) (per curiam) (told was subject). On the contrary, the IC asserts that Thornberry was explicitly and unequivocally told that she was only a witness—a status which we have previously held "is not sufficient to meet the elemental requirement of 'subject' designation for purposes of the Act." *In re Pierce (Abrams Fee Application)*, 190 F.3d 586, 590 (D.C.Cir., Spec.Div., 1999) (per curiam). Finally, the IC's Final Report mentions Thornberry only very briefly, in its description of the DNC's 1996 fundraising efforts, *supra*. *Cf., e.g., In re North (Adkins Fee Application)*, 33 F.3d 76, 76–77 (D.C.Cir., Spec.Div., 1994) (per curiam) (no indictment but report asserts that subject violated law and lied to investigators). We are thus in agreement with the IC and the DOJ that Thornberry has not carried her burden of establishing that she was in fact a subject of the IC's investigation.

*B. Fees Not Incurred "But For" the Requirements of the Act*

 We have previously established that "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement." *In re Sealed Case*, 890 F.2d

451, 452 (D.C.Cir., Spec.Div., 1989) (per curiam). And we have repeatedly held that "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush Fee Application)*, 59 F.3d 184, 188 (D.C.Cir., Spec.Div., 1995) (per curiam) (quoting *Dutton*, 11 F.3d at 1079). In order to establish eligibility for an award, the fee applicant must show that the amounts claimed are only those fees and expenses above and beyond those she would have incurred as a result of an investigation by the DOJ. *In re Sealed Case*, 890 F.2d at 452–53. As we stated in *In Re Pierce (Olivas Fee Application)*, 178 F.3d 1350, 1355 (D.C.Cir., Spec.Div., 1999) (per curiam), "[i]f the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities—'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel'—then Congress did not contemplate the award of counsel fees. *In Re North (Dutton Fee Application)*, 11 F.3d at 1080."

█ Relying chiefly on *In re Sealed Case*, Thornberry argues that she satisfies the "but for" requirement in two ways. First, she claims that she was subjected to a more rigorous application of the criminal law than she would have been in the absence of the Act because in that situation the U.S. Department of Justice "would not have conducted an investigation with the breadth, scope or duration of that conducted by the OIC." Second, Thornberry argues that "but for" the provisions of the Act, which prevented the DOJ from following its normal procedures, the investigation could have been terminated much sooner, or severely limited. In support of this argument, Thornberry claims that the Attorney General in her application for appointment of an independent counsel "stated unequivocally that she believed that there was no requisite intent in the statements made by Bruce Babbitt and wished to decline to seek appointment [of an independent counsel]."

In *In re Sealed Case* the Attorney General requested the appointment of an independent counsel to investigate an alleged tax violation by a government official. 890 F.2d at 453. We found the "but for" requirement fulfilled because the government official (the fee applicant) had been subjected to a more rigorous application of the criminal law than is applied to other citizens. *Id.* at 454. We made this finding on the basis of two reasons. First, the Attorney General in his application for appointment of an independent counsel represented that the Act's restrictions were a hindrance to his conducting an adequate preliminary investigation. We noted that if the Attorney General had not been so hindered then the government official "might have been subjected to a lesser investigation, or perhaps exonerated at this early stage." *Id.* at 453. Here, although the Attorney General in her application for appointment of an independent counsel noted that there was evidence that Babbitt lacked criminal intent concerning the false statements to Congress allegations, she also noted that there was evidence that Babbitt may have indeed testified falsely and that the White House may have dictated the casino denial decision. As such, we concluded in *Babbitt* "that there is nothing in the record or in the circumstances of Babbitt's alleged offenses that indicates that the Attorney General, if freed of the restrictions of the Act, would have subjected Babbitt to a lesser investigation, or perhaps exonerated him at the preliminary investigation stage." 290 F.3d at 393. We therefore do not agree with Thornberry that this investigation would have been terminated much sooner, or se-

verely limited, but for the provisions of the Act.

The second reason for our finding in *In re Sealed Case* was that the independent counsel had been appointed to investigate the applicant's 1981, 1982, and/or 1984 tax returns but actually examined the applicant's tax returns for nine years, from 1976 to 1984. 890 F.2d at 454. We stated that the ordinary examination of a taxpayer for a similar tax offense "would have been substantially less probing." *Id.* at 454. But here, no such less probing examination would have been made in the absence of the Act. As we made clear in *Babbitt,* if IC Bruce had not investigated the deep and widespread allegations surrounding the denial of the casino application then other prosecuting authorities would surely have done so. 290 F.3d at 391. Thornberry, therefore, would have been questioned in the absence of the Act just as she was by the IC.

## CONCLUSION

The petition of B. J. Thornberry for reimbursement of attorneys' fees is denied for failure to meet the "subject" and "but for" requirements of 28 U.S.C. § 593(f)(1).

CUDAHY, Senior Circuit Judge, concurring in the judgment:

I agree that for the reasons noted in the majority opinion, Ms. Thornberry has not established that she was a "subject" of the investigation primarily directed at Secretary Babbitt. Therefore, she is not entitled to fees.

However, I do not agree that her application fails to meet the "but for" test. Like the investigation of Catherine Baker Stetson, the investigation involving Ms. Thornberry was merely a part of the Babbitt investigation, and its status with respect to the "but for" test must be the same as that assigned to Secretary Babbitt's request for fees. Ms. Thornberry was involved only peripherally and would not have been involved at all absent the inquiry into Secretary Babbitt's affairs. Since I have taken the position that the Secretary has passed the "but for" test with flying colors (since he would not have incurred fees "but for" the special provisions of the Independent Counsel Act regarding proof of criminal intent), other parties involved in his investigation for the same reason would have incurred attorneys' fees "but for" the Act. *See In Re: Bruce Edward Babbitt (Stetson Fee Application),* 292 F.3d 928.

The Department of Justice, in its evaluation of Ms. Thornberry's application for attorneys' fees reached the same conclusion with respect to her satisfaction of the "but for" test and supports my analysis.